**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-28004-RAR**

**DANIEL GAMBOA MORACES,**

Petitioner,

v.

**WARDEN, KROME NORTH**
**SERVICE PROCESSING CENTER,**

Respondent.
_____________________________________/

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** comes before the Court upon Petitioner Daniel Gamboa Moraces's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), [ECF No. 1], filed on November 9, 2026.[1] Petitioner challenges his continued immigration detention and seeks immediate release from custody. *See* Pet. at 8. The Court having reviewed the Petition, the relevant submissions, and applicable law, it is hereby

**ORDERED AND ADJUDGED** that the Petition is **GRANTED IN PART** for the reasons set forth herein.

**BACKGROUND**

Petitioner alleges that he is "a native and citizen of Cuba" who "entered the United States near Eagle Pass, Texas" on December 3, 2023. *See* Memorandum of Law ("Mem."), [ECF No. 1-1] at 3. Following his entry, the Department of Homeland Security ("DHS") initiated removal

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations omitted). "Absent evidence to the contrary, [the Court assumes] that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (alteration added; citation omitted).

proceedings and, on December 6, 2023, "released [Petitioner] from physical immigration custody by issuing a Form I-220A, Order of Release on Recognizance." *Id.* On November 5, 2026, "following a minor traffic incident in Tampa, Florida," Petitioner was "taken into custody and subsequently transferred to immigration authorities." *Id.* at 4. Petitioner maintains that his removal proceedings remain pending and that "[n]o administratively final order of removal has been entered against [him]." *Id.*

On November 23, 2026, Respondent filed a Notice of Non-Opposition ("Notice"), [ECF No. 7], stating that they "do[] not oppose granting the Petitioner an individualized custody redetermination hearing" under 8 U.S.C. § 1226(a). *Id.* at 1. Although "DHS does oppose release," Respondent "concedes [Petitioner] is entitled to a hearing but reserves the right to argue flight risk." *Id.* at 2.

## **LEGAL STANDARD**

Under 28 U.S.C. § 2241, federal district courts "within their respective jurisdictions" have the authority to hear applications for habeas corpus by any person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. The "essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and thus to be within the "core of habeas corpus," a petitioner must seek "either immediate release from that confinement or the shortening of its duration." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 489 (1973). Section 2241 authorizes federal courts to hear challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) (noting that "28 U.S.C. § 2241[] confers jurisdiction upon the federal courts to hear" challenges to the "lawfulness of immigration-related detention").

## ANALYSIS

Here, Respondent acknowledges that Petitioner is entitled to an individualized bond hearing pursuant to § 1226(a). *See* Notice at 1–2. Although Petitioner requests immediate release, § 1226(a) provides that the Attorney General "may continue to detain" an alien or "may release" him on "bond" or "conditional parole." 8 U.S.C. § 1226(a)(1)–(2). As the Supreme Court has explained, "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018); *see also Nielsen v. Preap*, 586 U.S. 392, 398 (2019) (explaining that an alien detained under § 1226(a) may secure release if he "poses no flight risk and no danger to the community"). Indeed, the governing regulation authorizes an Immigration Judge "to detain the alien in custody, release the alien, and determine the amount of bond, if any." 8 C.F.R. § 1236.1(d)(1). Accordingly, the appropriate remedy under these circumstances is an individualized bond hearing before an Immigration Judge, who may determine whether Petitioner's continued detention is warranted. The Petition is therefore **GRANTED IN PART**.[2]

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Petitioner Daniel Gamboa Moraces's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, [ECF No. 1], is **GRANTED IN PART**. Respondent shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner.

2. All deadlines are **TERMINATED**, and any pending motions are **DENIED as moot**.

[2] To the extent the Petition presents other claims arising under the Due Process Clause, the Court need not reach the merits of those claims. *See, e.g.*, *Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535, 2025 WL 2938369, at *6 (S.D. Fla. Oct. 15, 2025). "Should Respondents fail to comply with this Order by providing Petitioner a bond hearing, Petitioner may renew [these claims]." *Id.* (explaining that petitioner's due process claim is not ripe because it is "contingent on Petitioner not receiving a custody determination hearing under 8 U.S.C. section 1226(a)[.]").

3. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 23rd day of November, 2026.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc: Daniel Gamboa Moraces, *pro se*